032708fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| INSPIRED REALTORS, INC., JACOB HUFF, and CHRISTOPHER NOLAND, | ) ) ) | |
| Plaintiffs, | ) | No. C09-2003-EJM |
| vs. | ) ) | ORDER |
| WEICHERT REAL ESTATE AFFILIATES, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant Weichert Real Estate Affiliates' (Weichert) resisted Motion to Dismiss or Transfer for Improper Venue, filed January 20, 2009. Granted.

Plaintiffs initially filed this action in the Iowa District Court for Black Hawk County on December 10, 2008, seeking damages for fraudulent misrepresentation, breach of contract, and breach of fiduciary duty, arising under a franchise agreement. Weichert removed the matter to this court on January 16, 2009, pursuant to 28 USC §1441.

Weichert is a Delaware corporation with its principal place of business in Morris Plains, New Jersey, Inspired Realtors (Inspired) is an Iowa corporation with its principal place of business in Cedar Falls, Iowa, and Jacob Huff and Christopher Nolan are citizens of Iowa, each residing in Cedar Falls. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Weichert seeks dismissal or transfer for improper venue, urging that the franchise agreement giving rise to this matter contains a binding forum selection clause specifying that venue is proper in either a New Jersey state court in Morristown, New Jersey, or the

US District Court for the District of New Jersey, in Newark, New Jersey, and that an almost identical forum selection clause is contained in the Guarantee executed by the individual plaintiffs. Accordingly, Weichert seeks dismissal, or transfer to the US District Court fo the District of New Jersey.

Plaintiffs resist, urging that forum selection clauses are void in light of Iowa's public policy against such clauses, and are not binding in light of the considerations in 28 USC §1404(a).

It appears undisputed that the parties freely entered into a forum selection clause, and the issue is whether the clause should be enforced. It is the court's view that plaintiffs have come forward with no persuasive authority for not enforcing the clause which is the result of arm's length negotiation, and which is prima facie valid and enforceable unless unjust or unreasonable. Servewell Plumbing, LLC., v. Federal Insurance Co., 439 F3d 786 (8th Cir. 2006) (citations omitted). The matter shall therefore be dismissed without prejudice to plaintiffs' reassertion in an appropriate venue.

It is therefore

ORDERED

Dismissed.

March, 27, 2009.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT